IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:                                     ) | Chapter 11 |
|                                            ) | |
| NORTHWESTERN CORPORATION,   ) | Bankruptcy Case No. 03-12872 (JLP) |
|                                            ) | |
|     Reorganized Debtor.          ) | |
|                                            ) | |
| In re:                                     ) | |
|                                            ) | |
| NORTHWESTERN CORPORATION,   ) | |
|                                            ) | |
|     Plaintiff,                      ) | Adv. No. 04-55051 (JLP) |
|                                            ) | |
|     v.                              ) | |
|                                            ) | |
| MAGTEN ASSET MANAGEMENT     ) | |
| CORPORATION, and TALTON R. EMBRY, ) | Relates to Docket No. 97 |
|                                            ) | |
|     Defendants.                     ) | |
|                                            ) | |

**NORTHWESTERN CORPORATION'S OBJECTION TO THE MOTION OF MAGTEN
ASSET MANAGEMENT CORPORATION AND TALTON R. EMBRY PURSUANT TO
RULE 7041(A) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR
THE PAYMENT OF FEES AND EXPENSES INCURRED**

COMES NOW NorthWestern Corporation ("NorthWestern" or the "Debtor"), by

and through its undersigned counsel, and hereby files its Objection to the Motion (the "Motion")

of Magten Asset Management Corporation and Talton R. Embry Pursuant to Rule 7041(A) of the

Federal Rules of Bankruptcy Procedure for the Payment of Fees and Expenses Incurred [Adv.

Dkt. No. 97] (the "Objection"), and in support thereof respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of

this Chapter 11 case and the Motion are proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      NorthWestern was incorporated in 1923 and is a publicly traded Delaware corporation.  NorthWestern and its direct and indirect energy subsidiaries comprise one of the largest providers of electricity and natural gas in the upper Midwest and Northwest regions of the United States, serving approximately 608,000 customers throughout Montana, South Dakota and Nebraska.  The Debtor, a transmission and distribution regulated utility entity, has generated and distributed electricity in South Dakota and has distributed natural gas in South Dakota and Nebraska through its energy division, NorthWestern Energy, since the Debtor's formation in 1923.

3.      On September 14, 2003 (the "Petition Date"), NorthWestern filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  On September 30, 2003, the Office of the United States Trustee for the District of Delaware (the "Trustee") appointed the official committee of unsecured creditors in the Debtor's bankruptcy proceeding (the "Committee").

4.      On October 8, 2004, the Court entered an oral ruling confirming the Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan"), and on October 19, 2004, the Court entered the final Order Confirming the Debtor's Second Amended and Restated Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [NorthWestern Dkt. No. 2238].  The effective date of the Debtor's Plan was November 1, 2004.

5.      Talton R. Embry ("Embry") was at all relevant times the 100% owner and Chairman of Magten Asset Management Corporation ("Magten," together with Embry,   the

"Defendants"), and Magten is a corporation organized under the laws of Delaware, having its principal place of business at 410 Park Avenue, 14th Floor, New York, New York 10022.

6.    Magten filed a proof of claim which was designated claim number 842 by the Debtor's claims agent (the "Magten Claim").[1]  The Magten Claim asserts unliquidated claims against the Debtor's estate for: (i) the face amount of the approximately 40% of the Debtor's Series A 8.45% Quarterly Income Preferred Securities ("QUIPS") that were held by Magten as of the Petition Date; and (ii) damages resulting from the alleged fraudulent transfer of the utility assets of NorthWestern Energy, LLC to NorthWestern on November 15, 2002.

7.    On or about November 6, 2003, this Court entered its Order Permitting Securities Trading Upon Establishment of Ethical Wall (the "Securities Trading Order") [NorthWestern Dkt. No. 335].   The Securities Trading Order prohibits members of the Committee (present and future, each a "Member") from trading in the securities of the Debtor and its affiliates, unless and until such Member establishes and implements an ethical wall (the "Ethical Wall") in accordance with the terms and conditions of the Securities Trading Order.

8.    Upon request of Magten, and by notice dated November 25, 2003, the Trustee appointed Magten to the Committee.  Magten was represented on the Committee by its 100% principal, Embry.

9.    Once appointed to the Committee, Magten's fiduciary and other common law duties precluded it from trading in the securities of the Debtor and its affiliates, including, without limitation, the QUIPS, except as provided in the Securities Trading Order, which

---

[1] Through the discovery process it became clear that Magten did not own all of the securities referred to in its proof of claim on its own behalf, but rather that such securities were held in accounts managed by Magten for others.  To date, Magten has not filed a statement pursuant to Federal Rule of Bankruptcy Procedure 2019, as required by such rule.

permitted limited trading upon establishment of an Ethical Wall. Magten, however, could not establish an Ethical Wall because it is 100% owned by Embry.

10.    On December 18, 2003, Embry, as Chairman of, and on behalf of, Magten, executed a Confidentiality Agreement with the Committee (the "Confidentiality Agreement"). Under the Confidentiality Agreement, the Defendants agreed to maintain as confidential all non-public and proprietary information provided by or to the Committee. In addition, on December 18, 2003, Embry, as Chairman of, and on behalf of, Magten, also executed a confidentiality agreement with the Debtor, pursuant to which the Defendants agreed to maintain as confidential all non-public and proprietary information provided by the Debtor.

**The NorthWestern Adversary Proceeding**

11.    On or about August 20, 2004, the Debtor filed a complaint (the "Complaint") against Magten and Embry, thereby commencing the adversary proceeding styled as NorthWestern Corporation v. Magten Asset Management Corporation and Talton R. Embry [Adv. Pro. No. 04-55051-JLP] (the "NorthWestern Adversary Proceeding") [Adv. Dkt. No. 1]. The NorthWestern Adversary Proceeding sought subordination of the Magten Claim, actual damages and equitable relief, and objected to the Magten Claim, based on Magten's alleged improper trading of the QUIPS while serving as a Member of the Committee.

12.    In the Complaint, the Debtor expressly reserved the right to amend, modify or supplement the Complaint and to object further to the Magten Claim on any and all additional factual or legal grounds.[2]

13.    On or about September 28, 2004, the Defendants filed the Motion of Magten Asset Management and Talton R. Embry to Dismiss the Complaint of NorthWestern Corporation

---

[2] *See* Complaint, ¶ 55.

For Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Federal Rule of

Civil Procedure 12(b)(6) (the "Motion to Dismiss") in the NorthWestern Adversary Proceeding

[Adv. Dkt. No. 6].[3]

14.     On or about November 8, 2004, this Court entered an Order Denying the

Motion to Dismiss, finding that the Debtor had alleged causes of action under Fed. R. Civ. P.

12(b)(6), made applicable to adversary proceedings by Rule 7012(b) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") [Adv. Dkt. No. 15].[4] This Court found that

"[p]leadings may be based upon information and belief," and held "the Plaintiff [NorthWestern]

should be allowed the opportunity to pursue its remedies."[5]

15.     After assessing the evidence produced by the Committee's advisors, Members

and Magten during discovery, and considering the potential litigation costs to the bankruptcy

estate, the Debtor determined that it was no longer cost-effective to pursue the subordination

claims asserted in the NorthWestern Adversary Proceeding because the documents produced by

the Committee's advisors failed to identify when and what material, non-public, information the

Committee's advisors disclosed to the Members.

16.     The Debtor filed the NorthWestern Adversary Proceeding based on its good

faith belief that the Defendants had engaged in inappropriate, and possibly illegal, trading of the

---

[3] On or about October 26, 2004, the Debtor filed its Memorandum of Law in Opposition to Motion to Dismiss [Adv. Dkt. No. 10], and, on or about November 5, 2004, Magten filed its Reply to the Debtor's Memorandum of Law in Opposition to the Motion to Dismiss [Adv. Dkt. No. 13].

[4] *See* Order Denying the Motion to Dismiss, p.2 [Adv. Dkt. No. 15].

[5] *Id.* In addition, on or about November 17, 2004, Magten, joined by Law Debenture Trust Company of New York ("Law Debenture"), filed a Motion and Memorandum in Support of Motion for Stay of [the NorthWestern] Adversary Proceeding Pending Resolution of Motion to Withdraw Reference to Bankruptcy Court (the "Motion for Stay") [Adv. Dkt. No. 21]. On December 7, 2004, the Court entered an order denying the Motion for Stay as it related to the NorthWestern Adversary Proceeding [Adv. Dkt. No. 33].

Debtor's QUIPS based on confidential, non-public, information about the Debtor that the Defendants allegedly received as a Member of the Committee.

17.    Accordingly, on or about February 25, 2005, the Debtor filed a motion for order dismissing the NorthWestern Adversary Proceeding, with prejudice, pursuant to Bankruptcy Rule 7041(a)(2) and Fed. R. Civ. P. 41(a)(2) [Adv. Dkt. No. 89].

18.    On or about March 9, 2005, this Court entered an order dismissing the NorthWestern Adversary Proceeding, with prejudice (the "Order") [Adv. Dkt. No. 94].    The Order was granted without prejudice as to the Defendants' rights to pursue an award for attorneys' fees and costs incurred in connection with the NorthWestern Adversary Proceeding.

19.    Through the instant Motion, the Defendants now seek an award of attorneys' fees and costs incurred in connection with the NorthWestern Adversary Proceeding.

20.    The Defendants are not entitled to the relief requested in the Motion as fully set forth below.

## SUMMARY OF RELIEF REQUESTED

21.    Under Bankruptcy Rule 7054(b), an award of costs to a prevailing party lies within the sound discretion of the Court and should be denied in the present case because there is no evidence that the Debtor acted in bad faith or with the purpose of harassing the Defendants. Indeed, as set forth below, the evidence is just the opposite.

22.    Under the "American Rule," the Court may award attorneys' fees only when the losing party has brought or maintained an action where the losing party has acted "in bad faith, vexatiously, wantonly or for oppressive reasons." *See Chambers v. NASCO*, 501 U.S. 32, 45-46 (1991).    Because there is a total absence of any evidence that the Debtor brought the NorthWestern Adversary Proceeding in bad faith, vexatiously, wantonly or for oppressive reasons, each party should be required to bear its own attorneys' fees.

## BASIS FOR RELIEF

### A.  The Defendants Are Not Entitled to Costs Pursuant to Bankruptcy Rule 7054(b)

<u>Bankruptcy Rule 7054, not Fed. R. Civ. P. 54, Provides the Proper Standard for Awarding Costs in Bankruptcy Proceedings</u>

23.    Under the Bankruptcy Rules, awarding costs to the prevailing party is subject to the bankruptcy court's sound discretion.  In particular, Bankruptcy Rule 7054(b) provides in pertinent part:

> **Costs**.  The court **may** allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides.  Costs against the United States, its officers and agencies shall be imposed only to the extent permitted by law.  Costs may be taxed by the clerk on one day's notice; on motion served within five days thereafter, the action of the clerk may be reviewed by the court.

Fed. R. Bankr. P. 7054(b) (emphasis added).

24.    In their Motion, the Defendants mistakenly argue that they are entitled to costs as a matter of course under Fed. R. Civ. P. 54(d)(1), which provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court directs otherwise."  The Defendants, however, wholly ignore Bankruptcy Rule 7054 and the very clear differences between the mandatory cost award provisions of Fed. R. Civ. P. 54 and the appropriate, discretionary, provisions of Bankruptcy Rule 7054.

25.    "Bankruptcy Rule 7054(b) permits a bankruptcy court, **in its sound exercise of discretion**, to award costs to a party prevailing in an adversary proceeding."  *In re Gioioso*, 979 F.2d 956, 962 (3d Cir. 1992) (emphasis added).  In addition, "Fed. R. Civ. P. 54(d), that makes the award of costs to the prevailing party mandatory in other federal cases, is *not* incorporated into Fed. R. Bankr. P. 7054."  *In re S.S.*, 271 B.R. 240, 248 (Bankr. D. N.J. 2002) (emphasis in original); *see also In re O'Callaghan*, 304 B.R. 887, 889 (Bankr. M.D. Fla. 2003)

("It is well-established that the allowance of costs under [Bankruptcy] Rule 7054(b) is within the discretion of the Bankruptcy Court"); *Samayoa v. Jodoin (In re Jodoin)*, 196 B.R. 845, 856 (Bankr. E.D. Cal. 1996), *aff'd*, 209 B.R. 132 (B.A.P. 9th Cir. 1997) ("Costs are not awarded to the prevailing party 'as of course' in bankruptcy adversary proceedings because **Federal Rule of Civil Procedure 54(d) has not been made applicable** ... Since no particular standard is specified, it is a matter of discretion.") (emphasis added); *Rathbone v. Lake (In re Consolidated Partners Investment Co.)*, 156 B.R. 982 (Bankr. N.D. Ohio 1993) ("[Rule 7054(b)] provides the Court 'may' allow costs to the prevailing party, as compared to Fed. R. Civ. P. 54(d) which provides that costs 'shall' be allowed.  Accordingly, the Bankruptcy Court is provided substantial discretion in awarding costs."); *Turner v. Davis, Gillenwater & Lynch (In re Investment Bankers, Inc.)*, 135 B.R. 659, 670-71 (Bankr. D. Colo. 1991); *aff'd*, 161 B.R. 507 (D. Colo. 1992), *aff'd*, 4 F.3d 1556 (10th Cir. 1993), *aff'd, Davis, Gillenwater & Lynch v. Turner*, 510 U.S. 1114, (1994) ("An award of costs to a successful plaintiff is discretionary with the Court in all instances.  It is essentially compensatory, but, like pre-judgment interest, is not warranted in all cases on this basis alone."); *In re Robertson*, 105 B.R. 504, 507 (Bankr. D. Minn. 1989) (confirming that Fed. R. Civ. P. 54(d) has no application in bankruptcy court).

26.    **None of the cases cited by the Defendants apply here**.  None of the cases cited by the Defendants were decided under Bankruptcy Rule 7054(b).[6]    Therefore, the Defendants' cases are not persuasive or controlling and do not support the Defendants' request for relief.

---

[6] *See* Motion, pp. 11-12, ¶33.

<u>While Third Circuit Courts Have Not Considered Bankruptcy Rule 7054(b), the Third Circuit
has Commented on how 7054(b) has Been Applied</u>

27.     Although the Third Circuit has not fully addressed the standards for awarding

costs under Bankruptcy Rule 7054(b) in a published opinion, in *In re Gioioso*, 979 F.2d 956, 963

(3d Cir. 1992), the Third Circuit reversed a denial of costs by the bankruptcy court to a creditor

in an adversary proceeding that had been upheld by the district court, stating in a footnote:

> Although courts within the Third Circuit have not yet addressed a
> 7054(b) award of costs in a published opinion, we note that courts
> elsewhere have denied costs because of a complete absence of bad
> faith or frivolity, . . . because of a prevailing party's unnecessary
> multiplication of proceedings and meritless motions, . . . or
> because the party seeking costs was not technically a "prevailing
> party," . . . . Costs have been taxed in favor of a prevailing party
> without explanation . . . and costs have been taxed in favor of party
> prevailing on a motion to disqualify an attorney who -- having
> been disqualified twice before -- should have known the ethical
> standards.

*In re Gioioso*, 979 F.2d at 963, n.10 [internal citations omitted].

28.     Criticizing the bankruptcy court's reasoning that denial of discharge to the

debtor "is a 'harsh sanction' to which costs of an adversary proceeding should not be added"

because it would likely encourage bad-faith litigation, the Third Circuit concluded that because

the debtors acted in bad faith by filing false affidavits, and by knowingly and fraudulently failing

to disclose information material to the case, the case should be remanded and costs should be

imposed on the debtors unless the evidence proved that the debtors were unable to pay. *Id.* at

962.

29.     The Third Circuit relied on the debtors' bad faith to award costs in *Gioioso*.

*Id.* Indeed, courts have required a showing of an absence of good faith to justify an award of

costs in bankruptcy proceedings. *See, e.g., Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 711

(6th Cir. 1999) ("Here, there was no abuse of discretion by the bankruptcy court. With respect to

Ms. Fordu's claim under Fed. R. Bankr. P. 7054(b), there is no evidence, as the bankruptcy court noted, that the Trustee acted other than in good faith in asserting a claim against her. Accordingly, an award of costs would not be warranted under that provision."); *In re Investment Bankers, Inc.*, 135 B.R. at 670-71 (award of costs denied because of a complete absence of bad faith or frivolity).

30.    In *Fordu*, the Sixth Circuit held that because the claimant made reasonable inquiry into the facts of the case before filing the complaint, and the claimant's position was supported by existing law, costs and attorney's fees should be denied under Bankruptcy Rule 7054(b).

31.    Based on direction from *Gioioso*, *Fordu* and *Investment Bankers,* and the standards set forth therein, this Court should determine that costs should not be taxed against the Debtor in the instant case because the Debtor acted in good faith in commencing the NorthWestern Adversary Proceeding.  As fully disclosed below, there is no basis or evidence to support the Defendants' argument that the Debtor pursued the NorthWestern Adversary Proceeding in bad faith or with improper motive.

32.    The Debtor filed the NorthWestern Adversary Proceeding based on its good faith belief that the Defendants had engaged in inappropriate, and possibly illegal, trading of the Debtor's QUIPS based on confidential, non-public, information the Defendants allegedly received as a Member of the Committee.  After assessing the evidence produced during discovery, the Debtor sought to voluntarily dismiss the NorthWestern Adversary Proceeding after it determined that pursuing such claim would no longer be cost-effective without direct evidence related to when, and to what extent, confidential, non-public, information was shared

with the Members. As such, the Debtor did not act in bad faith nor did it pursue frivolous or

harassing actions against the Defendants in the NorthWestern Adversary Proceeding.

33.     Accordingly, the Defendants' request for an award of costs associated with the

NorthWestern Adversary Proceeding should be denied in its entirety.

**B.   The Defendants are Not Entitled to Attorneys' Fees**

34.     Under the "American Rule," the prevailing party in litigation is not entitled to

attorneys' fees unless certain limited exceptions apply. *In re S.S.*, 271 B.R. at 244, citing to

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Such exceptions are:

> (1) a contract provides for payment of attorney's fees; (2) a statute
> provides for allowance of attorney's fees; (3) a recovered fund or
> property confers a "common benefit," as in a class action suit; (4) a
> party willfully disobeys a court order, or (5) a court finds that the
> losing party has acted "in bad faith, vexatiously, wantonly or for
> oppressive reasons."

*In re S.S.*, 271 B.R. at 245 (citations omitted); *see also*, *Agassi v. Planet Hollywood Int'l, Inc.* (*In*

*re Planet Hollywood Int'l, Inc.*), 269 B.R. 543, 552 (D. Del. 2001) (Attorneys' fees are not

independently recoverable under the Bankruptcy Code, but they may be recovered in bankruptcy

proceedings under state law or if the parties' contractual arrangement provides for the recovery

of attorneys' fees.); *Chambers*, 501 U.S. at 51-52 (court may award attorneys' fees when a party

"shows bad faith by delaying or disrupting the litigation or by hampering a court order"). The

Debtor's actions in this case do not fall within the exceptions to the "American Rule" set forth in

*In re S.S. Id.*

35.     Where the litigated issue does not involve contract enforcement questions, but

issues peculiar to federal bankruptcy law, **attorneys' fees will not be awarded "absent bad**

**faith or harassment by the losing party."** *Id.* (emphasis added), citing to *Fobian v. Western*

*Farm Bank* (*In re Fobian*), 951 F.2d 1149, 1153 (9th Cir. 1991); *see also Bankboston, N.A. v. Sokolowski (In re Sokolowski)*, 205 F.3d 532, 535 (2d Cir. 2000).

36.    In *Planet Hollywood*, the district court denied attorneys' fees to the prevailing party after finding that the plaintiffs did not engage in bad faith or harassment in seeking to assume contracts that could not be assumed under the Bankruptcy Code because they were determined to be personal service contracts. *Agassi v. Planet Hollywood*, 269 B.R. at 553 ("The issues raised in Defendants' assumption Motion involved sophisticated legal issues that required substantial discovery by the parties, an evidentiary hearing before the Court, and ultimately, an extensive analysis by the Court of the issues. Accordingly, the Court cannot conclude that Defendants' assumption motion was filed in bad faith.")

37.    The Debtor's conduct in the NorthWestern Adversary Proceeding does not even approach the stringent standard for awarding attorneys' fees to the Defendants. Indeed, there is no evidence of bad faith, or vexatious, wanton or oppressive conduct by the Debtor. First, this Court denied the Defendants' Motion to Dismiss after finding the Debtor had pled sufficient facts to warrant further discovery and trial and held "the Plaintiff [NorthWestern] should be allowed the opportunity to pursue its remedies."[7]

38.    Second, the majority of the cases cited by the Defendants fail to support the Defendants' position. In fact, in three out of the five cases by the Defendants, the court refused to award fees to the "prevailing party." *See Lawrence v. Fuld*, 32 F.R.D. 329, 332-33 (D. Md. 1963) (**"Certainly, a dismissal with prejudice does not support defendants' contention of harassment, since it merely indicates that for various reasons, or combinations thereof,**

---

[7] *See* Order Denying the Motion to Dismiss, p.2 [Adv. Dkt. No. 15].

plaintiff may have determined not to continue this suit." Further, "[a]lthough the dismissal here operates as an adjudication upon the merits for most purposes, it fails to show that the plaintiff's suit was so unnecessary, groundless, vexatious and oppressive as to warrant an allowance for expenses, including attorneys' fees.") (emphasis added); *See also Colombrito v. Kelly*, 764 F.2d 122, 133-35 (2d Cir. 1985) **(reversing judgment ordering payment of attorneys' fees by plaintiff after court finding only one case that awarded such fees based on "exceptional circumstances," and because claims dismissed with prejudice free a defendant of the risks of litigating the same issues again)** (emphasis added); *Dorfsman v. Law Sch. Admission Council, Inc.*, No. 00-0306, 2001 U.S. Dist. LEXIS 24044, at *9-10 (E.D. Pa. Nov. 28, 2001) **(finding that "[i]f an action is dismissed with prejudice ... the court lacks the power to grant attorney's fees, barring exceptional circumstances" and denying an award of such fees)** (emphasis added).

39.     Moreover, in the remaining two cases cited by the Defendants in support of their request for attorneys' fees, the court only awarded fees after finding that the petitioner acted in extremely bad faith in delaying or harassing the defendant. *See Chambers*, 501 U.S. at 55-56 (awarding attorneys' fees upon finding that petitioner attempted to perpetuate fraud on the court, continuously took action to delay proceedings, repeatedly took actions in contempt of court orders, and proceeded with a series of meritless pleadings and delaying actions despite repeated warnings that such actions would be sanctionable); *See also Willner v. Bugig*, No. 85-2134-O, 1988 U.S. Dist. LEXIS 12107, at *2 (D. Kan. Oct. 14, 1988) (court awarded attorneys' fees to defendant, finding "no difficulty concluding that this case presents exceptional circumstances warranting the imposition of costs [because] [t]he record is replete with evidence of plaintiff's

constant dilatory tactics"). There is no such record here. In fact, there is no evidence of exceptional circumstances to support any award of fees and costs to the Defendants.

40.    In addition, the Defendants' assertions that the Debtor did not undertake discovery and should be taxed fees and costs is truly misguided. There was no need for the Debtor to undertake duplicative discovery, given the comprehensive discovery served by Magten. The chart set forth below proves this point.

| NORTHWESTERN V. MAGTEN Adv. Pro. 04-55051 DISCOVERY | | | |
|---|---|---|---|
| Date Served | Discovery | Issued By | Party Served |
| NOTICES | | | |
| 11/23/04 | Notice of Service of Discovery | Northwestern Corporation | Magten Asset Management Corporation |
| 11/23/04 | Northwestern Corporation's First Set Of Requests For Production To Magten Asset Management Corporation | Northwestern Corporation | Magten Asset Management Corporation |
| 11/23/04 | Northwestern Corporation's First Set Of Interrogatories To Magten Asset Management Corporation | Northwestern Corporation | Magten Asset Management Corporation |
| 12/06/04 | Notice Of Deposition Of Talton R. Embry | Northwestern Corporation | Talton R. Embry |
| 12/06/04 | Notice Of Deposition Of Magten Asset Management Corporation | Northwestern Corporation | Magten Asset Management Corporation |
| 12/13/04 | Notice of Service | Magten Asset Management Corporation | Northwestern Corporation |
| 12/13/04 | Defendants First Request For Production Of Documents To Northwestern Corporation | Magten Asset Management Corporation & Talton Embry | Northwestern Corporation |

| NORTHWESTERN V. MAGTEN Adv. Pro. 04-55051 DISCOVERY | | |
|---|---|---|
| **Date Served** | **Discovery** | **Issued By** | **Party Served** |
| 12/14/04 | Notice Of Service | Magten Asset Management Corporation | Northwestern Corporation |
| 12/14/04 | Notice of Deposition Pursuant To Rules 7030 and 9016 of the Federal Rules Of Bankruptcy Procedure and Rule 30(b)(6) of the Federal Rules of Civil Procedure | Magten Asset Management Corporation & Talton Embry | Northwestern Corporation |
| 12/14/04 | Magten Asset Management Corporation and Talton Embry's First Set Of Interrogatories to Northwestern Corporation | Talton Embry | Northwestern Corporation |
| **SUBPOENAS** | | | |
| 12/08/04 | Notice of Subpoena To Capital Institutional Service | Northwestern Corporation | Capital Institutional Service |
| 12/13/04 | Notice of Service of Subpoena To The Bank Of New York Company, Inc. | Northwestern Corporation | The Bank Of New York Company, Inc. |
| 12/13/04 | Notice of Service of Subpoena To The Bear Sterns Companies Inc. | Northwestern Corporation | The Bear Sterns Companies Inc. |
| 12/13/04 | Notice of Subpoena To Merrill Lynch & Co., Inc. Global Headquarters | Northwestern Corporation | Merrill Lynch & Co., Inc. Global Headquarters |
| 12/13/04 | Notice of Subpoena To Oscar Gruss & Son Incorporated | Northwestern Corporation | Oscar Gruss & Son Incorporated |
| 12/13/04 | Notice of Subpoena To Tradition Asiel Securities, Inc | Northwestern Corporation | Tradition Asiel Securities, Inc |
| 12/13/04 | Subpoena To Paul, Hastings, Janofsky & Walker | Magten Asset Management and Talton R. Embry | Paul, Hastings, Janofsky & Walker |

| NORTHWESTERN V. MAGTEN<br>Adv. Pro. 04-55051<br>DISCOVERY | | | |
| --- | --- | --- | --- |
| Date<br>Served | Discovery | Issued<br>By | Party<br>Served |
| 12/13/04 | Subpoena To OCM Opportunities Fund, IV, L.P. | Magten Asset Management and Talton R. Embry | OCM Opportunities Fund, IV, L.P. |
| 12/13/04 | Subpoena To Houlihan Lokey Howard & Zukin | Magten Asset Management and Talton R. Embry | Houlihan Lokey Howard & Zukin |
| 12/13/04 | Subpoena To Lazard Freres & Co. LLC | Magten Asset Management and Talton R. Embry | Lazard Freres & Co. LLC |
| 12/13/04 | Subpoena To Paul, Weiss, Rifkind, Wharton & Garrison LLP | Magten Asset Management and Talton R. Embry | Paul, Weiss, Rifkind, Wharton & Garrison LLP |
| 12/13/04 | Subpoena To Franklin Templeton Mutual Series Fund | Magten Asset Management and Talton R. Embry | Paul, Weiss, Rifkind, Wharton & Garrison LLP |
| 12/13/04 | Subpoena To The Bank Of New York | Magten Asset Management and Talton R. Embry | The Bank Of New York |
| 12/13/04 | Subpoena To HSBC Bank USA | Magten Asset Management and Talton R. Embry | HSBC Bank USA |
| 12/13/04 | Subpoena To AG Capital Recovery Partners III, L.P. | Magten Asset Management and Talton R. Embry | AG Capital Recovery Partners III, L.P. |
| 12/13/04 | Subpoena To Avenue Capital Management | Magten Asset Management and Talton R. Embry | Avenue Capital Management |

41.    Because of the detailed discovery served by the Defendants, any additional discovery served by the Debtor, other than the discovery the Debtor initiated, would have been unnecessary, unduly burdensome and arguably oppressive.  Due to the Defendants' complete discovery, it was simply unnecessary for the Debtor to duplicate the Defendants' very thorough discovery.

42.    As set forth above, the Defendants have provided no evidence of bad faith or vexatious, wanton or oppressive conduct; nor can the Defendants provide such evidence. Accordingly, under the well-established "American Rule," it is clear that the Debtor did not act in bad faith, vexatiously, wantonly or for oppressive reasons in bringing or seeking to dismiss the NorthWestern Adversary Proceeding and, as such, the Defendants' request for attorneys' fees, while in the discretion of this Court, should be denied.

## REQUEST FOR RELIEF

43.    Based on the foregoing, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, denying the Motion and providing that each party shall bear its own fees and costs.

## NOTICE

44.    Notice of this Motion has been provided to: (i) the U.S. Trustee, (ii) counsel for the Plan Committee, (iii) counsel for Law Debenture, (iv) counsel for Embry, (v) counsel for Harbert Distressed Investment Master Fund, Ltd., and (vi) counsel for Magten.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice of the Objection is required.

## NO PRIOR REQUEST

45.    No prior request for the relief sought herein has been made to this or any other Court.

[CONCLUDED ON NEXT PAGE]

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein, substantially in the form attached hereto, or in such other form that the Court may deem appropriate based on the foregoing.


Dated: April 20, 2005

NORTHWESTERN CORPORATION

By its attorneys,

GREENBERG TRAURIG, LLP

By: _____
Scott D. Cousins (No. 3079)
William E. Chipman, Jr. (No. 3818)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
(302) 661-7000 (telephone)

- and -

Jesse H. Austin, III, Esquire
Karol K. Denniston, Esquire
PAUL, HASTINGS, JANOFSKY
& WALKER LLP
600 Peachtree Street, N.E., 24th Floor
Atlanta, GA 30308
(404) 815-2400 (telephone)

**_CO-COUNSEL FOR REORGANIZED DEBTOR_**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NORTHWESTERN CORPORATION, ) | Bankruptcy Case No. 03-12872 (JLP) |
| ) | |
| Reorganized Debtor. ) | |
| | |
| In re: ) | |
| ) | |
| NORTHWESTERN CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Adv. No. 04-55051 (JLP) |
| ) | |
| v. ) | |
| ) | |
| MAGTEN ASSET MANAGEMENT ) | |
| CORPORATION, and TALTON R. EMBRY, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING THE MOTION OF MAGTEN ASSET MANAGEMENT
CORPORATION AND TALTON R. EMBRY PURSUANT TO RULE 7041(A) OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR THE
PAYMENT OF FEES AND EXPENSES INCURRED**

UPON the Objection of the above-captioned reorganized debtor (the "Debtor") to the

Motion (the "Motion") of Magten Asset Management Corporation ("Magten") and Talton R.

Embry ("Embry," together with Magten, the "Defendants"); and it appearing that the Court has

jurisdiction over the Motion pursuant to 28 U.S.C. § 1334 and that it is a core matter pursuant to

28 U.S.C. § 157(b)(2); and the Court having determined that the relief requested in the Objection

is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and it

appearing that due notice of the Objection has been provided and that no other or further notice

need be given; and sufficient cause appearing therefore; it is hereby

**ORDERED**, that the Motion is denied; and it is further

ATL/1100726.5

**ORDERED**, that each party shall bear its own fees and costs; and it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


Dated: _____ _____, 2005
        Wilmington, Delaware

                                     _____
                                     Honorable John L. Peterson
                                     United States Bankruptcy Judge